IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. COLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| TRANSPORTATION (USDOT), | )   Civil Action No. 23-1404 |
| FEDERAL MOTOR CARRIER SAFETY | ) |
| ADMINISTRATION (FMCSA), | ) |
| ALCOHOL AND DRUG CLEARINGHOUSE, | ) |
| CLASSIC CARRIERS, INC., and | ) |
| WORKWELL PHYSICAL MEDICINE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Presently before the Court is *pro se* Plaintiff David J. Coles' Motion to Proceed In Forma Pauperis filed on August 7, 2023, (Docket No. 1), along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket No. 1-1). After reviewing Plaintiff's IFP Motion, the Court finds that he is without sufficient funds to pay the required filing fee. Thus, Plaintiff will be granted leave to proceed in forma pauperis.

Turning to Plaintiff's Complaint, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Gochin v. Markowitz*, 791 F. App'x 342, 345 (3d Cir. 2019) (district court has power to screen complaints of all litigants proceeding in forma pauperis). The Court must also ensure that the Complaint sets forth a proper basis of subject matter jurisdiction. *See e.g., Duglas v. Kamper*, Civ. No. 19-3010, 2019 WL 3230931, at *1 (E.D.

1

Pa. July 17, 2019) (after granting in forma pauperis status, the Court "must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction." (citing 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")).  To that end, "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Consequently, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions where the amount in controversy exceeds $75,000 and diversity of citizenship exists.  28 U.S.C. § 1332(a).  Finally, "[t]he burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F. App'x 161, 162-63 (3d Cir. 2009) (citation omitted).  If jurisdiction is lacking, the Court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

Given that Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In light of this standard, the allegations contained in Plaintiff's Complaint do not establish a basis for the Court to exercise subject matter jurisdiction over this action.

According to the Complaint, Plaintiff is a commercial truck driver employed by Defendant Classic Carriers, Inc. ("Classic") and is subject to drug and alcohol testing regulations overseen by Defendants Federal Motor Carrier Safety Administration ("FMCSA") and Alcohol and Drug Clearinghouse ("ADC"). (Docket No. 1-1, ¶¶ 1, 5, 9). Plaintiff alleges that he underwent a drug test at Defendant Workwell Physical Medicine ("Workwell"), and he supposedly followed Workwell's instructions for the test, but the "negligence and incompetence" of Workwell's

personnel affected the testing process, which led to a "botched" test. (*Id.*, ¶¶ 10, 11). As a result, Plaintiff claims that he could not provide a proper sample as required by FMCSA's regulations, and Defendants Classic and ADC subsequently marked the incident as a "Refusal to Test" without first conducting a thorough investigation of the circumstances surrounding the failed test. (*Id.*, ¶¶ 11, 13). Additionally, Plaintiff alleges that Workwell attempted to cover up its mistakes by making false statements about his conduct in connection with the test. (*Id.*, ¶ 14). Against this factual background, Plaintiff purports to assert the following claims: tortious interference with his employment relationship and reputation against FMCSA, ADC, Classic and Workwell because of the "Refusal to Test" designation; negligence against Classic and Workwell for failing to properly conduct the drug test; and fraud against Workwell for providing false statements in order to cover up it mistakes in administering the test. (*Id.*, ¶¶ 15-25).

Plaintiff asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because his claims arise under federal law. (Docket No. 1-1, ¶ 7). Plaintiff is incorrect, as his claims for tortious interference, negligence and fraud are state law claims which simply do not involve a federal question under 28 U.S.C. § 1331. Rather, the factual allegations underlying Plaintiff's purported claims make clear that he primarily complains about Workwell's handling of the drug test, the "Refusal to Test" designation associated with it, and Workwell's alleged subsequent attempt to cover up its mistakes in administering the drug test. Such allegations underscore that his claims do not arise under the Constitution, laws or treaties of the United States and hence do not involve a federal question.[1] *See Wolfe v. Stake Center Locating, LLC*, Civ. No.

---

[1] Despite naming and attempting to assert claims against government Defendants USDOT, FMCSA and ADC, Plaintiff does not appear to invoke as a basis for the Court's jurisdiction the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), which governs tort liability where claims are made against the federal government and its employees. However, to the extent Plaintiff purports to proceed under the FTCA against the government Defendants, he must comply with the requirements set forth in 28 U.S.C. § 2675, which provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within

23-2125, 2023 WL 4873635, at *1 (E.D. Pa. July 31, 2023) ("A plaintiff is the master of his or her complaint. The existence of federal question jurisdiction generally depends on whether the plaintiff has asserted a specific claim for relief under the Constitution, laws, or treaties of the United States."). Further, Plaintiff does not allege that diversity jurisdiction exists in this case, nor is it apparent from the face of the Complaint that the parties are completely diverse and that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a).

For these reasons, Plaintiff has not met his burden to establish that the Court has subject matter jurisdiction over this case. *See McCracken*, 335 F. App'x at 162-63. Therefore, Plaintiff's Complaint will be dismissed without prejudice to him pursuing the claims in an appropriate state tribunal if he chooses to do so. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Welty v. C/O Global Tel Link Corp.*, Civ. No. 22-1891, 2023 WL 3114075, at *2 (W.D. Pa. Apr. 27, 2023) (citing *New Jersey Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissal for lack of subject matter jurisdiction is by definition without prejudice, and that the plaintiffs could thus pursue a new action and attempt to remedy the jurisdictional defects identified by the court)). Further, the Court finds that leave to amend would be futile given it lacks subject matter jurisdiction over this action, thus the Court will not *sua sponte* grant leave to amend in this instance. *See Roberts v. Mayor & Burgesses of London Borough of Brent*, 70 F. App'x 615, 619 (3d Cir. 2003) ("[W]here the absence of subject matter jurisdiction is apparent from the face of a

---

the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." *Id.*, § 2675(a). Here, nothing on the face of the Complaint indicates that Plaintiff complied with this requirement. Accordingly, because the FTCA's "[exhaustion] requirement is jurisdictional and cannot be waived," Plaintiff's purported claims against the United States government Defendants in this matter do not provide a basis for subject matter jurisdiction. *Jones v. U.S. Food & Drug Admin.*, Civ. No. 16-1286, 2017 WL 3037792, at *5 (D.N.J. July 18, 2017) (citing *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) ("No claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim.")).

complaint, any amendment would be futile, and hence dismissal without leave to amend is proper."); *Whetstone v. Deblasio*, Civ. No. 23-447, 2023 WL 2743447, at *2 (W.D. Pa. Mar. 31, 2023) (finding that leave to amend would be futile where the court lacked subject matter jurisdiction over the action).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 17th day of August, 2023, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) is GRANTED;

(2) Plaintiff's Complaint (Docket No. 1-1) is DISMISSED, without prejudice, for lack of subject matter jurisdiction; and,

(3) The Clerk of Court shall mark this case closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:	David J. Coles (via U.S. mail)
	1208 Wood Street, #410
	Pittsburgh, PA 15221