IN THE UNITED STATES COURT

FOR THE WESTERN DISTRICT COURT OF PENNSYLVANIA

David J. Coles
1208 Wood Street #410
Pittsburgh, PA 15221
DaColesCo@gmail.com
412-707-2149

August 7, 2023

United States District Court Western District of Pennsylvania

Case No: 2:23-cv-1404

David J. Coles, Plaintiff,

v.

United States Department of Transportation (USDOT), Federal Motor Carrier Safety Administration (FMCSA), Alcohol and Drug Clearinghouse, Classic Carriers, Inc., Workwell Physical Medicine,
Defendants.

## COMPLAINT FOR TORTIOUS INTERFERENCE, NEGLIGENCE, AND FRAUD

Plaintiff, David J. Coles, brings this action against the United States Department of Transportation (USDOT), Federal Motor Carrier Safety Administration (FMCSA), Alcohol and Drug Clearinghouse, Classic Carriers, Inc., and Workwell Physical Medicine, collectively referred to as "Defendants," and alleges as follows:

I. PARTIES

1. The Plaintiff, David J. Coles, is a commercial driver subject to the regulations imposed by the FMCSA and the Alcohol and Drug Clearinghouse.

2. Defendant USDOT is a federal department responsible for overseeing and regulating various aspects of transportation, including the FMCSA and the Alcohol and Drug Clearinghouse.

3. Defendant FMCSA is a regulatory agency within the USDOT responsible for enforcing safety regulations for commercial motor vehicles and their drivers.

4. Defendant Alcohol and Drug Clearinghouse is a program managed by the FMCSA that tracks and maintains records of commercial drivers' drug and alcohol testing results and violations.

5. Defendant Classic Carriers, Inc. is a commercial carrier employing the Plaintiff as a driver.

6. Defendant Workwell Physical Medicine is a testing center responsible for conducting drug and alcohol tests on commercial drivers, including the Plaintiff.

II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under federal law and involves claims of tortious interference, negligence, and fraud.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred within this District.

III. FACTUAL BACKGROUND

9. The Plaintiff, as a commercial driver, is subject to drug and alcohol testing regulations overseen by the FMCSA and the Alcohol and Drug Clearinghouse.

10. On or about March 14, 2023, the Plaintiff underwent a drug test at Defendant Workwell Physical Medicine, following explicit instructions provided by their personnel.

11. Despite the Plaintiff's adherence to the testing center's instructions, the personnel's negligence and incompetence significantly affected the drug testing process, leading to a botched test and the Plaintiff's inability to provide a proper sample as required by the FMCSA's regulations.

12. The Plaintiff informed the receptionist about their urgent need to use the restroom, but the receptionist failed to address the situation promptly, further contributing to the botched test.

13. Subsequently, the Defendants, including Classic Carriers, Inc., and the Alcohol and Drug Clearinghouse, marked the incident as a "Refusal To Test" without verifying the facts with the Medical Review Officer or conducting a thorough investigation into the circumstances of the failed test.

14. Furthermore, Defendant Workwell Physical Medicine, with the intent to cover its mistakes and evade accountability, engaged in fraudulent conduct by providing false and malicious statements. Workwell Physical Medicine falsely claimed that the Plaintiff was informed he had three hours more to complete testing and that the Plaintiff became irate and left the facility of his own accord. These statements are patently and provably untrue.

## IV. CLAIMS FOR RELIEF

### COUNT I: TORTIOUS INTERFERENCE

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 13.
16. The Defendants' actions, including the FMCSA, Alcohol and Drug Clearinghouse, Classic Carriers, Inc., and Workwell Physical Medicine, constituted tortious interference with the Plaintiff's employment relationship and reputation.
17. The Defendants' negligence, incompetence, and wrongful labeling of the incident as a "Refusal To Test" resulted in severe consequences for the Plaintiff, causing harm to their employment and reputation.
18. As a direct and proximate result of the Defendants' tortious interference, the Plaintiff has suffered damages, including financial losses, emotional distress, and harm to their professional reputation.

### COUNT II: NEGLIGENCE

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 13.
20. The Defendants, including Classic Carriers, Inc., and Workwell Physical Medicine, owed the Plaintiff a duty of care to conduct drug testing procedures in accordance with applicable regulations and professional standards.
21. The Defendants breached their duty of care by failing to properly conduct the drug test, negligently labeling the incident as a "Refusal To Test," and providing false and malicious statements.
22. The Defendants' negligence caused harm to the Plaintiff, including financial losses, emotional distress, and harm to their professional reputation

### COUNT III: FRAUD

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 14.
24. Workwell Physical Medicine engaged in fraudulent conduct by providing false and malicious statements with the intent to cover its mistakes and evade accountability.
25. The false statements made by Workwell Physical Medicine have caused harm to the Plaintiff, including financial losses, emotional distress, and damage to their professional reputation.

WHEREFORE, Plaintiff respectfully requests the following relief:

1. An award of compensatory damages in an amount to be determined at trial;
2. An award of punitive damages against Defendant Workwell Physical Medicine to punish it for its fraudulent conduct;
3. An order directing the Defendants to correct the Plaintiff's record in the Alcohol and Drug Clearinghouse to reflect the actual circumstances of the failed test;
4. A declaratory judgment stating that the Defendants' actions constituted tortious interference, negligence, and fraud;
5. Attorneys' fees and costs incurred in bringing this action; and
6. Any other relief deemed just and proper by this Court.

JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.


Respectfully submitted,

*[signature]*

David J. Coles Pro Se

Federal Motor Carrier Safety Administration (FMCSA)
Alcohol and Drug Clearinghouse
U.S. Department of Transportation (USDOT)
1200 New Jersey Avenue,
SE Washington, DC 20590


Workwell Physical Medicine Inc
112 3rd Ave
Carnegie, PA 15106
**(412) 279-5300**


Classic Carriers Inc
151 Industrial Parkway
Versailles, Ohio 45380
1-800-348-6244
safety@classiccarriers.com